UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMANTHA D. RAJAPAKSE,

                              Plaintiff,

            -against-

SEYFARTH SHAW; ROBERT SZYBA;
CARLA LAINGAN,

                              Defendants.

20-CV-10473 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff, appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that

Defendants violated her rights under the Fourteenth Amendment. By order dated December 29,

2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in*

*forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.

Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff, a resident of Chattanooga, Tennessee, submitted her claims using the Court's

general complaint form. She checks the box to invoke the Court's federal question jurisdiction,

and in the space to indicate which of her federal constitutional or federal statutory rights have

been violated, Plaintiff writes, "Fourteenth Amendment." (ECF No. 2, at 2.) She names as

defendants Seyfarth Shaw, a law firm with offices in New York, Chicago, and Massachusetts;

Robert Szyba, who appears to be a partner at Seyfarth; and Carla Laingan, who Plaintiff lists as

"counsel" and for whom she provides a Boston, Massachusetts address. (*Id.* at 4.)

Plaintiff states that her claims arise from events occurring in New York, Boston, and

Tennessee from June 2020 to December 3, 2020. (*Id.* at 5.) In the "facts" section of the complaint

form, Plaintiff writes, "Please see attach complaint." (*Id.*) But she does not attach a complaint and her submission includes no other factual allegations.

As her injuries, Plaintiff lists "denial of security background check, afraid to use credit & denial, denial of credit, [and] emotional & physical damages."[1] (*Id.* at 6.) She seeks $1 million in "physical damages." (*Id.*)

## DISCUSSION

### A.      Rule 8 of the Federal Rules of Civil Procedure

The complaint does not comply with Rule 8's requirement that it provide a short and plain statement showing that Plaintiff is entitled to relief. Plaintiff's complaint does not allege any facts, and her submission appears to be incomplete. The Court is therefore unable to determine whether Plaintiff has stated a claim. The Court therefore grants Plaintiff 60 days' leave to file an amended complaint.

### B.      Venue

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

---

[1] Plaintiff writes with irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint.

Plaintiff alleges that she is a resident of Chattanooga, Tennessee. She describes Seyfarth Shaw as having offices in New York, Chicago, and Massachusetts, and provides a Chicago, Illinois address. Plaintiff provides addresses for the individual defendants in New York, New York and Boston, Massachusetts. Though the complaint does not include specific factual allegations, Plaintiff asserts that her claims arose in New York, Boston, and Tennessee. In any amended complaint, Plaintiff should allege facts showing that venue is proper in this district.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims and to allege facts showing that venue is proper in this Court. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to transmit a copy of this order to Plaintiff.[2] Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-10473 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

SO ORDERED.

Dated:   January 5, 2021
           New York, New York

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.

---

[2] Plaintiff has consented to electronic service of Court filings. (ECF No. 3.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

 **-against-**

_____

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

_____ **Civ.** _____ ( _____ )

**AMENDED
COMPLAINT**

Jury Trial:   □ Yes       □ No
                    (check one)

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff          Name _____

                       Street Address _____

                       County, City _____

                       State & Zip Code _____

                       Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____

                     Street Address _____

                     County, City _____

                     State & Zip Code _____

                     Telephone Number _____


Defendant  No. 2     Name _____

                     Street Address _____

                     County, City _____

                     State & Zip Code _____

                     Telephone Number _____


Defendant  No. 3     Name _____

                     Street Address _____

                     County, City _____

                     State & Zip Code _____

                     Telephone Number _____


Defendant  No. 4     Name _____

                     Street Address _____

                     County, City _____

                     State & Zip Code _____

                     Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction?  *(check all that apply)*

       ☐ Federal Questions                ☐ Diversity of Citizenship


B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

       _____

       _____


C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

       Plaintiff(s) state(s) of citizenship _____

       Defendant(s) state(s) of citizenship _____

       _____

## III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts: _____

_____

What happened to you?

_____

_____

_____

_____

Who did what?

_____

_____

_____

Was anyone else involved?

_____

_____

Who else saw what happened?

_____

_____

## IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

**V.       Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff       _____

Mailing Address              _____

                             _____

                             _____

Telephone Number             _____

Fax Number *(if you have one)*   _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:      _____

Inmate Number                _____