USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/15/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMANTHA D. RAJAPAKSE,

                      Plaintiff,

-against-

SEYFARTH SHAW; ROBERT SZYBA, PARTNER; CARLA LANIGAN, COUNSEL,

                      Defendants.

---

20-CV-10473 (VEC)

ORDER OF SERVICE

VALERIE CAPRONI, United States District Judge:

    Plaintiff, appearing *pro se*, invokes the Court's federal-question jurisdiction, alleging that Defendants violated her rights.[1] By order dated December 29, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

---

[1] By order dated January 5, 2021, Judge Louis L. Stanton directed Plaintiff to file an amended complaint, which Plaintiff did on January 27, 2021. The amended complaint (ECF 9) is the operative pleading.

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

      The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**DISCUSSION**

**A.**    **Criminal Claims**

      The amended complaint invokes a number of New York State criminal statutes and makes repeated reference to Defendants committing "criminal acts." The Court must dismiss any claims Plaintiff may be asserting under state or federal criminal statutes. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from

control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any criminal claims Plaintiff may be asserting for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**B.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Seyfarth Shaw, Robert Szyba, and Carla Lanigan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the

Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.      Plaintiff's Motion for the Court to Request Counsel**

Plaintiff filed a motion requesting that "[t]his court [a]ppoints a criminal attorney for Plaintiff in this case before the New York [court] against Seyfarth." (ECF 10, at 5). The Court construes Plaintiff's motion asking the Court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**D.      Plaintiff's Motion to Compel Discovery**

Plaintiff moves for an order compelling Defendants to produce certain discovery. (ECF 10.) The Court denies this motion as premature. Before Plaintiff may seek judicial intervention, (1) Defendants must answer the complaint, (2) the parties must confer on a discovery plan, (3) Plaintiff must serve written discovery demands on Defendants, and (4) the parties must make good-faith efforts to resolve any discovery disputes that may arise. *See* Fed. R. Civ. P. 26(d) (timing of discovery); Fed. R. Civ. P. 37(a)(1) (requiring good-faith efforts to resolve discovery disputes before seeking judicial intervention); Local Civil Rule 37.2 (method of raising discovery disputes with the Court). The Court therefore denies Plaintiff's motion was premature.

E.     **Plaintiff's Motion to Participate in Electronic Case Filing**

Plaintiff also filed a motion seeking permission to participate in electronic case filing. She states in her motion that she has completed the CM/ECF introduction course for the United States District Court for the Eastern District of Michigan in 2017. But she does not indicate that she has completed this Court's required introduction course. Because Plaintiff has not completed the Court's CM/ECF introduction course, the Court denies Plaintiff's motion for permission for electronic case filing (ECF 5) at this time.  Upon completion of this Court's required introduction course, Plaintiff may refile her motion to participate in electronic case filing.

## CONCLUSION

Plaintiff has consented to receive electronic service of Court documents. (ECF 3.) The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Seyfarth Shaw, Robert Szyba, and Carla Lanigan, and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

The Court dismisses any criminal claims that Plaintiff may be asserting for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court denies Plaintiff's motion for the Court to request *pro bono* counsel (ECF 10) without prejudice to renewal at a later time.

The Court also denies Plaintiff's motion to compel discovery (ECF 10) as premature.

The Court also denies Plaintiff's motion to participate in electronic case filing (ECF 5) without prejudice to renewal at a later time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further instructed to terminate the open motions at docket entries 5 and 10.

**SO ORDERED.**

Date:  March 15, 2021  
       New York, NY

**VALERIE CAPRONI**  
**United States District Judge**

## DEFENDANTS AND SERVICE ADDRESSES

1. Seyfarth Shaw
   233 South Wacker Drive
   Suite 8000
   Chicago, IL 60606-6448

2. Robert Szyba
   Seyfarth Shaw
   620 8th Avenue #33
   New York, NY 10018

3. Carla Lanigan
   2 Seaport Lane #300
   Boston, MA 02210