USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/23/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMANTHA D. RAJAPAKSE,

                Plaintiff,

-against-

SEYFARTH SHAW; ROBERT SZYBA, PARTNER; CARLA LANIGAN, COUNSEL,

                Defendants.

20-CV-10473 (VEC)

ORDER ADOPTING
REPORT & RECOMMENDATION

---

VALERIE CAPRONI, United States District Judge:

      WHEREAS on December 9, 2020, Plaintiff Samantha Rajapakse, proceeding *pro se*, filed a complaint against the law firm Seyfarth Shaw (incorrectly pled as Sey Farth Shaw), Dkt. 1;

      WHEREAS on January 27, 2021, Plaintiff filed an amended complaint, naming Seyfarth Shaw as well as Robert Szyba and Carla Lanigan, two attorneys employed by the law firm, as Defendants, Dkt. 9;

      WHEREAS Plaintiff asserted causes of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681q, and various New York criminal statutes, related to Defendants' representation of Equifax in *Rajapakse v. Equifax Information, LLC*, 20-CV-00080 (N.D. Ga. July 26, 2021), *id.*;

      WHEREAS on March 15, 2021, the Court dismissed Plaintiff's claims based on New York criminal statutes for failure to state a claim, Dkt. 13;

      WHEREAS on March 15, 2021, the Court referred this case to Magistrate Judge Wang for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 12;

      WHEREAS on May 18, 2021, Defendants moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), *see* Dkt. 26, and for "sanctions on Plaintiff to curtail

her from filing future pleadings (including motions) in this District without prior permission," *id.* at 14;

WHEREAS on May 24, 2021, Plaintiff responded in opposition to the motion, Dkt. 29, and on May 28, 2021, Defendants replied in support of their motion, Dkt. 31;

WHEREAS on February 18, 2022, Judge Wang entered an R&R, recommending that the Court grant Defendants' motion to dismiss, that Plaintiff be denied leave to file a second amended complaint, and that Plaintiff be enjoined from filing any new civil actions in this Court related to Defendants' representation of Equifax in *Rajapakse v. Equifax Information, LLC,* 20-CV-00080 (N.D. Ga. July 26, 2021), Dkt. 74 at 21–22;

WHEREAS in the R&R, Judge Wang notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 22 (using bold font);

WHEREAS Judge Wang further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS on February 18, 2022 at 5:14 P.M., the R&R was sent to the *pro se* Plaintiff via electronic notification at the email address she provided to the Court;[1]

WHEREAS on February 23, 2022, the R&R was also mailed to the *pro se* Plaintiff;

WHEREAS the parties' deadline to file objections was March 4, 2022;

WHEREAS no objections were filed by either party by the deadline;

---

[1] On December 9, 2020, Plaintiff consented to electronic service of notices and documents in this case, affirming that she has "regular access to [her] email account and to the internet and will check regularly for Notices of Electronic filing;" that she has "established a PACER account;" that she understands she "will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;" that she will "promptly notify the Court if there is any change in [her] personal data, such as name, address, or e-mail address" or if she wishes "to cancel this consent to electronic service;" and that she "must regularly review the docket sheet of [her] case so that [she does] not miss a filing." *See* Consent to Electronic Service, Dkt. 3 at 1.

2

WHEREAS on March 9, 2022, the *pro se* Plaintiff filed a letter claiming that she had called the Clerk's office and had been informed that Judge Wang had submitted an R&R and that her response deadline was March 4, 2022, Dkt. 75;

WHEREAS in the same letter, Plaintiff denied having previously received a copy of the R&R and asked for an extension so she could file "an answer to the report" after she received it, *id.*;

WHEREAS on March 10, 2022, the Court extended Plaintiff's deadline to file objections to the R&R to March 18, 2022, Dkt. 76;[2]

WHEREAS on March 10, 2022 at 11:53 A.M., Chambers emailed the R&R and the Court's endorsement extending the objections deadline to the *pro se* Plaintiff;

WHEREAS on March 10, 2022, the Clerk of Court mailed the R&R and the Court's endorsement extending the objections deadlines to the *pro se* Plaintiff via certified mail;[3]

WHEREAS no objections were received by the March 18, 2022 deadline, nor have any objections been received to date;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d

---

[2] In its endorsement, the Court stated: "Any objections to the R&R must be uploaded to the docket by Friday, March 18, 2022. The Court reminds Plaintiff that if she is mailing her objections to the *pro se* office for them to upload on the docket, she must account for those few days in submitting her objections; the objections must be on the docket by March 18, 2022. Any responses by Defendants to any objections are due no later than Friday, March 25, 2022. The Court will not extend either of those deadlines further." *See* Endorsement, Dkt. 76.

[3] According to the tracking information (*see* tracking number 7019 1120 0000 8895 2427), on March 14, 2022, the mailing arrived at the address Plaintiff previously provided the Court.

462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full, Defendants' motion to dismiss is GRANTED, and Plaintiff's claims are DISMISSED with prejudice. Plaintiff is DENIED leave to file a second amended complaint for the reasons discussed in the R&R.

IT IS FURTHER ORDERED that, for the reasons discussed in the R&R, Plaintiff is enjoined from filing any new civil actions in this Court related to Defendants' representation of Equifax in *Rajapakse v. Equifax Information, LLC*, 20-CV-00080 (N.D. Ga. July 26, 2021).

IT IS FURTHER ORDERED that, because the R&R gave the parties adequate warning, *see* R&R, Dkt. 74 at 22 (using bold font and capital letters), the failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

IT IS FURTHER ORDERED that because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 25 and to close this case. The Clerk is further directed to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

Date: March 23, 2022
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**