USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMANTHA D. RAJAPAKSE,

                Plaintiff,

-against-

SEYFARTH SHAW; ROBERT SZYBA, PARTNER; CARLA LANIGAN, COUNSEL,

                Defendants.

20-CV-10473 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on March 23, 2022, the Court adopted in full Magistrate Judge Wang's report and recommendation ("R&R"), dismissed Plaintiff's claims with prejudice, and enjoined Plaintiff from filing any new civil actions in this Court related to Defendants' representation of Equifax in *Rajapakse v. Equifax Information, LLC*, 20-CV-00080 (N.D. Ga. July 26, 2021), Dkt. 77;

    WHEREAS on March 28, 2022, Plaintiff filed untimely objections to Magistrate Judge Wang's R&R, Dkt. 79;

    WHEREAS the Court construes Plaintiff's untimely objections as a motion for reconsideration of the Court's March 23, 2022 order;

    WHEREAS a party may obtain relief on a motion for reconsideration "only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *see Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation omitted); and

    WHEREAS "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court," *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED. As an initial matter, in her seventeen pages of objections, Plaintiff provides no real explanation for why her objections were filed in an untimely manner. She claims that she first received the R&R on March 14, 2022. *See* Objections, Dkt. 79 at 1. But as the Court laid out in detail in its order adopting the R&R, Plaintiff had consented to electronic notification of Court filings[1] and she was emailed the R&R to the email address she provided to the Court on February 18, 2022 at 5:14 P.M. and then again on March 10, 2022 at 11:53 A.M. Plaintiff provides no explanation as to why she was initially unaware of the R&R, given the electronic service.

Moreover, the Court extended Plaintiff's deadline to file objections to the R&R to March 18, 2022. *See* Endorsement, Dkt. 76. In its endorsement, the Court stated: "Any objections to the R&R must be uploaded to the docket by Friday, March 18, 2022. The Court reminds Plaintiff that if she is mailing her objections to the *pro se* office for them to upload on the docket, she must account for those few days in submitting her objections; the objections must be on the docket by March 18, 2022. Any responses by Defendants to any objections are due no later than Friday, March 25, 2022. The Court will not extend either of those deadlines further." *See* Endorsement, Dkt. 76. The endorsement extending the deadline was sent to Plaintiff via certified mail at the same time as the R&R, which Plaintiff claims to have received. Accordingly, Plaintiff

---

[1] On December 9, 2020, Plaintiff consented to electronic service of notices and documents in this case, affirming that she has "regular access to [her] email account and to the internet and will check regularly for Notices of Electronic filing;" that she has "established a PACER account;" that she understands she "will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;" that she will "promptly notify the Court if there is any change in [her] personal data, such as name, address, or e-mail address" or if she wishes "to cancel this consent to electronic service;" and that she "must regularly review the docket sheet of [her] case so that [she does] not miss a filing." *See* Consent to Electronic Service, Dkt. 3 at 1.

2

was aware of her limited extension, yet chose to ignore the deadline.  Without any real explanation for her untimely submission, the Court finds that there is no "manifest injustice" or "clear error" warranting reconsideration of the Court's order adopting the R&R.

Moreover, even if Plaintiff's objections had been submitted in a timely manner, they would not have changed the Court's decision to adopt the R&R in full.  When specific objections are made to an R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  *See also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  But where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation."  *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up).

Most of Plaintiff's objections do not relate to the grounds on which Judge Wang dismissed Plaintiff's claims; instead, they simply rehash arguments previously made by Plaintiff in her many other filings.  Additionally, any arguments that do relate to Judge Wang's findings are perfunctory.  For example, Judge Wang found that under existing caselaw, Defendants are not third parties under the Fair Credit Reporting Act.  *See* R&R, Dkt. 74 at 12–14.  Plaintiff objects to this conclusion, reminding the Court that the law firm Defendant "is not a credit [reporting agency] nor representing any party as a debt collection [sic] and therefore, had not authorization to obtain Plaintiff's credit not to mention access to her credit reporting account."  Objections, Dkt. 79 at 6.  But that conclusory statement does not explain — or even reference — Judge Wang's careful analysis as to why law firms and lawyers for credit reporting agencies are not considered third parties under the statute.  Accordingly, even if the Court had the benefit of

3

Plaintiff's objections when it reviewed the R&R, it would still review the R&R for clear error. And because careful review of the R&R reveals that there was no clear error, it remains appropriate for the Court to have adopted the R&R in full.

In short, Plaintiff's motion for reconsideration is DENIED. The Court has no basis to reconsider its order adopting the R&R in full, dismissing this case with prejudice, denying Plaintiff leave to file a second amended complaint, and enjoining Plaintiff from filing any new civil actions related to Defendants' representation of Equifax in *Rajapakse v. Equifax Information*, LLC, 20-CV-00080 (N.D. Ga. July 26, 2021). *See* Order, Dkt. 77.

IT IS FURTHER ORDERED that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

**Date: April 13, 2022**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

4